THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOMINIQUE SINCLAIR                                                                              PLAINTIFF

v.                                        Case No. 4:20-cv-00189-KGB

UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES, *et al.*             DEFENDANTS

## ORDER

Before the Court is the status of this matter and two motions for order filed by plaintiff Dominique Sinclair (Dkt. Nos. 5, 7).

On February 25, 2020, Sinclair, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a complaint against the University of Arkansas for Medical Sciences ("UAMS"), Karen Reynolds, Kristi Kerr, and Dr. Bonswick, a professor at UAMS (collectively, "defendants") (Dkt. Nos. 1, 2). The Court granted Sinclair's IFP motion on January 19, 2021 (Dkt. No. 3). The Court simultaneously ordered Sinclair to show cause within 30 days as to why Sinclair's complaint should not be dismissed by the Court for lack of subject matter jurisdiction, as the Court could not ascertain a basis for exercising subject-matter jurisdiction over the claims contained in Sinclair's complaint (*Id.*, at 2-5). *See generally* 28 U.S.C. §§ 1331-32.

Sinclair made an untimely filing outside the above-noted 30-day deadline on March 25, 2021 (Dkt. No. 4). That filing contained personal information, and the Court directs that the portion of the filing including personal information, specifically pages 4 through 49, be sealed (*Id.*). That filing does not demonstrate any authority whereby the Court could validly exercise subject-matter jurisdiction over Sinclair's claims as asserted in her complaint (*Id.*). Sinclair subsequently filed two motions asking for the Court to "help [Sinclair] without representation to complete this case" and to "combine + reopen all [Sinclair's pending] cases." (Dkt. Nos. 5, at 1;

7, at 1).  Again, these two pending motions do not provide any authority for the Court's exercise of subject-matter jurisdiction over this dispute and did not respond to the Court's Order ("January 2021 Order") to show cause (*Id.*).

The Court discussed subject-matter jurisdiction in its January 2021 Order, outlining the requirements for federal question and diversity of citizenship subject-matter jurisdiction (Dkt. No. 3, at 2-5).  28 U.S.C. §§ 1331-32.  Sinclair has not demonstrated that the claims alleged fit within either of these jurisdictional parameters, and the Court can find no indication to suggest it may assert subject-matter jurisdiction over Sinclair's claims (Dkt Nos. 4, 5, 7).  As subject-matter jurisdiction may be raised *sua sponte* at any point in litigation, the Court determines that it lacks subject-matter jurisdiction because Sinclair has not demonstrated that this case arises under federal law, nor does Sinclair show that this lawsuit is made up of diverse parties for damages in excess of $75,000.  28 U.S.C. §§ 1331-32; *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

For the reasons set forth above, the Court dismisses without prejudice Sinclair's complaint and denies as moot all other pending motions (Dkt. Nos. 5, 7).

It is so ordered this 11th day of February, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge